**THE UNITED ENGINEERING AND FOUNDRY EMPLOYEES ASSOCIATION INDEPENDENT UNION, Plaintiff-Appellant,**

v.

**UNITED ENGINEERING AND FOUNDRY COMPANY, Defendant-Appellee.**

**No. 16300.**

United States Court of Appeals
Third Circuit.

Argued April 21, 1967.

Decided Dec. 19, 1967.

Rehearing Denied Jan. 18, 1968.

Ben Paul Jubelirer, Jubelirer & Savage, Pittsburgh, Pa., for appellant.

Donald W. Ebbert, Thorp, Reed & Armstrong, Pittsburgh, Pa. (Charles R. Volk, Pittsburgh, Pa., on the brief), for appellee.

Before SMITH and FREEDMAN, Circuit Judges and WORTENDYKE, District Judge.

## OPINION OF THE COURT

PER CURIAM.

This appeal is from an order of the District Court for the Western District of Pennsylvania denying enforcement of an arbitration provision of a collective bargaining agreement. Plaintiff Union seeks to compel the defendant to arbitrate plaintiff's claim for a wage increase of 2½ cents for its members. Plaintiff alleges that defendant orally agreed, prior to the signing of a collective bargaining contract, to adjust wages and job classifications upon settlement of a strike then in progress at defendant's plant in Youngstown, Ohio. Plaintiff contends that in consideration of the oral representations made by the employer's negotiating committee to the Union's negotiating committee, the Union agreed, without a strike, to a renewal of the collective bargaining agreement. Defendant denies that any such oral agreement arose during conversations between the parties, and further contends that, even if an oral contract did result, it was not subject to the arbitration provisions of a completely different written agreement.

The relevant parts of the collective bargaining agreement are found in the following provisions:

"The purpose of this Agreement is to set forth certain terms and conditions of employment agreed upon by the Company and the Union, to maintain a prompt and equitable means of settling employees' grievances, and to promote and improve the industrial relations between the Company and its employees at the Frank-Kneeland Plant.

\*    \*    \*    \*    \*    \*

## ARTICLE V

### GRIEVANCE PROCEDURE

Section 1.

Should differences arise between the Company and the employees or the Union as to the meaning or application of the terms and provisions of this Agreement such differences shall be adjusted in the following manner:

(1) \*    \*    \*

(2) \*    \*    \*

(3) Should the efforts of the Plant Management and the Grievance Committee fail to result in a satisfactory adjustment, the grievance in writing shall be submitted to a representative of the Union and a representative of the Company's City Office together with the aforementioned Union Committee and Superintendent. If no agreement is reached, the grievance shall be submitted for arbitration within ten days.

(4) An arbitrator shall be selected by the Company and the Union   \*    \* and all of the issues shall be presented to such arbitrator for final adjustment. \*    \*    \* The arbitrator selected shall expeditiously and without delay decide said case. The decision of the arbitrator shall be final and binding on both parties. The decision of the arbitrator may not in any way modify the terms or provisions of this Agreement. \*    \*    \*

\*    \*    \*    \*    \*    \*

## ARTICLE XVIII

### STRIKES AND LOCK-OUTS

In view of the arbitration provisions of this Agreement, the Union agrees that there shall be no strike or other curtailment of production and the Company agrees that there shall be no lock-out because of any dispute or grievance during the term or any extended term of this Agreement."

Defendant's contention is that the language of section 1 of Article V limits arbitration to differences as to the meaning or application of the terms of the *written* agreement and does not permit or require arbitration as to the meaning of any other agreement. Judge Gourley apparently agreed. He found that the grievance in issue was not within the purview of the written contract, and that the arbitration clause did not apply to that grievance. It is to be noted that Judge Gourley's findings were made only after hearing considerable evidence relating to the merits of the controversy.

The question of whether the grievance presented is within the purview of the abitration clause of the contract is a question for the courts. Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). In resolving such a question "the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of the arbitrator." Id. at 585, 80 S.Ct. at 1354. The scope of the court's power in determining whether the grievance is properly submissible to arbitration under the collective bargaining agreement has been clearly delineated by the Supreme Court. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not sus-

ceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).

■■ Any interpretation of the arbitration clause involved in this case must be made in light of the purpose of the collective bargaining agreement which is to "maintain a prompt and equiable means of settling employees' grievances, and to promote and improve the industrial relations between the Company and its employees * * *." Article V, section 1, sets forth the procedure to be followed when "differences arise between the Company and the employees or the Union as to the meaning or application of the terms of this Agreement * * *." Defendant would have this Court decide that the above mentioned section excludes plaintiff's grievance from arbitration; but to do so would be to decide the very issues being controverted by the parties —whether an oral agreement did arise, and, if so, what the parties intended the terms of that agreement to be. We believe that the District Court erred in basing its decision as to arbitrability upon the merits of the parties' contentions.

■ Ordering arbitration of the grievances involved in this case would be entirely consistent with the stated purpose of the collective bargaining agreement and with prior Supreme Court decisions. "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 584–585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960).

■ We are of the opinion, and so hold, that the grievance presented is within the purview of the arbitration clause. Harris Structural Steel Co. v. United Steelworkers of America, 298 F.

2d 363 (3 Cir. 1962). Compare Boeing Co. v. International Union, United A., A. & A. I. Workers, 231 F.Supp. 930 (E.D. Pa.1964), aff'd per cur. 349 F.2d 412 (3 Cir. 1965). The decision of the District Court will be reversed.

WILLIAM F. SMITH, Circuit Judge, did not participate in the decision of this case because of illness.